THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VICTORIA HALTER, individually, on behalf of the Providence Health & Services 401(k) Savings Plan and on Behalf of all similarly situated participants and beneficiaries of the Plan,

Plaintiff,

v.

PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES TOTAL REWARDS MANAGEMENT COMMITTEE; John and Jane Does 1-30 in their capacities as members of the Administrative Committee,

Defendants.

NO. 2:25-cv-00210-JNW

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This Action[1] involves claims for alleged breaches of fiduciary duties and other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., asserted against Providence Health & Services ("Providence") and the Providence Health & Services Total Rewards Management Committee (collectively, "Defendants"), relating to the Providence Health & Services 401(k) Savings Plan (the "Plan").

Presented to the Court for preliminary approval is a Settlement of the Action. The terms of the Settlement are set out in a Settlement Agreement dated February 13, 2026, executed by

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the meaning ascribed to them in the Settlement Agreement.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 2:25-cv-00210-JNW

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel and Defense Counsel. Upon reviewing the Settlement Agreement and the supporting materials submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore, it is hereby ORDERED as follows:

1. **Preliminary Approval of Proposed Settlement**: The Court preliminarily finds that:

A.   The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.   The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

C.   Class Counsel and the Class Representative have submitted declarations in support of the Settlement;

D.   If the Settlement had not been achieved, the Class Representative and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

E.   The amount of the Settlement is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Net Cash Amount is efficient, relying substantially on Defendants' and the Plan Recordkeeper's records, and requiring no filing of claims. The Settlement terms related to Attorneys' Fees and Costs, as well as a Service Award to the Class Representative, do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv); and

F.   Considering the relevant Ninth Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending the Settlement Notice to the Settlement Class.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 2:25-cv-00210-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.      **Fairness Hearing**:  A hearing will be held on October 20, 2026 at 10:30 a.m. in Courtroom 16A of the U.S. District Court for the Western District of Washington, before the undersigned U.S. District Judge, to determine, among other issues:

A.      Whether the Court should approve the Settlement as fair, reasonable, and adequate;

B.      Whether the Court should enter the Final Approval Order; and

C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, Settlement Administration Expenses, and a Class Representative Service Award.

3.      **Settlement Administrator**: The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

A.      The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

B.      The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4.      **Preliminary Class Certification**: In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following Settlement Class:

All Participants or Beneficiaries of the Plan, including any Alternate Payee who is entitled to a benefit under the Plan as a result of a QDRO, from January 1, 2018, through the date the Preliminary Approval Order is entered by the Court.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 2:25-cv-00210-JNW

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.    Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

A.    as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is so numerous that joinder of all members is impracticable;

B.    as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

C.    as required by Fed. R. Civ. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class that the Class Representative seeks to certify;

D.    as required by Fed. R. Civ. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class;

E.    as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 2:25-cv-00210-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

6.    The Court appoints Victoria Halter as Class Representative for the Settlement Class.  Further, the Court appoints Terrell Marshall Law Group PLLC, the Sharman Law Firm LLC, and Geist Law Group as Class Counsel.

7.    **Settlement Notice**: The Parties have presented to the Court the Settlement Notice, which are the proposed forms of notice regarding the Settlement for mailing and/or emailing to Class Members (Exhibits D-F to the Settlement Agreement).

A.    The Court approves the text of the Settlement Notice and finds that the proposed forms and content therein fairly and adequately:

i.    Summarize the claims asserted;

ii.    Describe the terms and effect of the Settlement, the Settlement Agreement, and the Plan of Allocation;

iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Gross Settlement Amount for Attorneys' Fees and Costs, Settlement Administration Expenses, and a Class Representative Service Award;

iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

v.    Describe how the recipients of the Settlement Notice may object to the Settlement, any requested Attorneys' Fees and Costs, Settlement Administration Expenses, or the Class Representative Service Award.

B.    Pursuant to Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, sending the Settlement Notice and its contents by email and/or first-class mail constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 2:25-cv-00210-JNW

of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

C.      Within forty-five (45) calendar days of the date of the Preliminary Approval Order, the Settlement Administrator will commence sending the email notice to the Class Members' email where at least one email address is available for the Class Member. The email notice will be provided by an email sent by the Settlement Administrator containing text substantially in the form of Exhibit E to the Settlement Agreement and will direct recipients to the Settlement Website. The Settlement Administrator must resend any email notice returned as undeliverable to the next available email address or, if none is available, send the Class Member the postcard notice described in paragraph 7.D. below.

D.      For any Class Member who does not have an email address available, the Settlement Administrator will provide notice to the Class Member via U.S. mail. Before mailing under this paragraph, the Settlement Administrator shall run the last known postal addresses of the Class Member through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS. The postcard notice will be provided by a postcard sent via U.S. mail containing text substantially in the form of Exhibit F to the Settlement Agreement and will direct recipients to the Settlement Website. The Settlement Administrator must re-mail any postcard returned by the USPS with updated address information through a skip tracing process before re-mailing.

E.      By no later than forty-five (45) calendar days after entry of this Preliminary Approval Order, the Settlement Administrator shall post a downloadable copy of the long form notice, substantially in the form of Exhibit D to the Settlement Agreement, in .pdf format on the Settlement Website.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 2:25-cv-00210-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

F.    The Settlement Website shall be active and accessible within forty-five (45) days following the issuance of the Preliminary Approval Order.

G.    By no later than forty-five (45) calendar days after entry of this Preliminary Approval Order, the Settlement Administrator shall establish and maintain a toll-free IVR telephone line for Class Members to call with Settlement-related inquiries until the date the Settlement is Final. Class Members that wish to obtain live assistance will be provided contact information for Class Counsel.

8.    **Approval of CAFA Notice**: The Court approves the form of the CAFA Notice attached as Exhibit G to the Settlement Agreement and orders that upon mailing of the CAFA Notice, Defendants shall have fulfilled their obligations under CAFA.

9.    **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the "Qualified Settlement Fund." The Qualified Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Qualified Settlement Fund shall be funded and administered in accordance with terms of the Settlement Agreement.

Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Qualified Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Qualified Settlement Fund or the disbursement of any monies from the Qualified Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

The Settlement Administrator may make disbursements out of the Qualified Settlement Fund only in accordance with this Preliminary Approval Order or any additional orders issued by the Court. The Qualified Settlement Fund shall expire after the Settlement Administrator

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 2:25-cv-00210-JNW

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

distributes all of the assets of the Qualified Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Qualified Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Qualified Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Qualified Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Qualified Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Qualified Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Qualified Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Qualified Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Qualified Settlement Fund itself and the Settlement Administrator as fiduciaries of the Qualified Settlement Fund. Reserves may be established for taxes on the Qualified Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement. Such powers include investing, allocating and distributing the Qualified Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Qualified Settlement Fund. All accounts, books, and

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 2:25-cv-00210-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

records relating to the Qualified Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Qualified Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Qualified Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

10.     **Petition for Attorneys' Fees and Costs, Settlement Administration Expenses and Service Award**: Any petition by Class Counsel for Attorneys' Fees and Costs, Settlement Administration Expenses, and Service Award to the Class Representative, and all briefs and other documents in support thereof, shall be filed no later than Septermber 1, 2026 (thirty-five (35) days before the deadline for Class Members to object to the Settlement). The fee petition shall be posted on the Settlement Website within twenty-four (24) hours of its filing.

11.     **Objections to Settlement**: Any objections to the Settlement must be in writing and include the case name, *Halter v. Providence Health & Services, et al.*, Case No: 2:25-cv-00210-JNW (W.D. Wash.), and (a) the objector's name; (b) the objector's address; (c) a statement that the objector is a Settlement Class Member; (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents, information or writings that the objector wants the Court to consider (including copies of any documents relied upon in the objection); (f) the objector's signature; and (g) a notice of intention to participate at the Fairness Hearing (if applicable). (If the objector is represented by counsel, the objector or his counsel must file the objection through the Court's CM/ECF system.) The Court will consider all properly filed and timely objections from Class Members. If the objector wishes to participate and be heard at the Fairness Hearing in addition to submitting a written objection to the Settlement, the objector or his attorney must say so in the written objection or file and serve a notice of intent to participate at the Fairness Hearing. A Class Member may withdraw an

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

objection by communicating the withdrawal in writing to the Court and Class Counsel. Objections must be submitted at least fourteen (14) days before the Fairness Hearing. The address for filing objections with the Court is as follows:

> Clerk of Court U.S. District Court for the Western District of Washington
> United States Courthouse
> 700 Stewart Street, Suite 16128
> Seattle, WA 98101-9906
> Re: *Halter v. Providence Health & Servs., et al.*, Case No. 2:25-cv-00210-JNW

12. **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member or CAFA Notice recipient at least seven (7) calendar days before the Fairness Hearing, and Class Counsel shall file a motion for entry of the Final Approval Order (as defined in the Settlement Agreement) at least fifty (50) calendar days before the Fairness Hearing.

13. **No Claims Pending Final Approval Order**: Until this Court determines whether or not to finally approve the Settlement Agreement, no Class Member may, directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, and/or the Plan as set forth in the Settlement Agreement.

14. **Continuance of Hearing**: The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website and the right to schedule the hearing to occur by telephone or video conference.

IT IS SO ORDERED.

DATED this 4th day of June, 2026.

_____
THE HONORABLE JAMAL N. WHITEHEAD

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 10
Case No. 2:25-cv-00210-JNW