THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICTORIA HALTER, individually, on behalf of the Providence Health & Services 401(k) Savings Plan and on Behalf of all similarly situated participants and beneficiaries of the Plan,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH & SERVICES TOTAL REWARDS MANAGEMENT COMMITTEE; John and Jane Does 1-30 in their capacities as members of the Administrative Committee,<br><br>Defendants. | NO. 2:25-cv-00210-JNW<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Wherefore, this class action came before the Court for a hearing on October 20, 2026, to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Preliminary Approval Order. Due notice having been given and the Court having been fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all parties to the Action, including all members of the Settlement Class.



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3. For the sole purpose of settling and resolving the Action, the Court certifies the Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

All Participants or Beneficiaries of the Plan, including any Alternate Payee who is entitled to a benefit under the Plan as a result of a QDRO, from January 1, 2018, through June 4, 2026.

4. The Court finds for the sole purpose of settling and resolving the Action that:

(a) as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is so numerous that joinder of all members is impracticable.

(b) as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c) as required by Fed. R. Civ. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class.

(d) as required by Fed. R. Civ. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class.

(e) as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

5. The Court hereby appoints Victoria Halter as Class Representative for the Settlement Class.

6. The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Attorneys' Fees and Costs, the payment of Settlement Administration Expenses, for the Service Award to the Class Representative, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Final Approval Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

7. The Court hereby approves the Settlement and orders that the Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

8. In accordance with the Court's orders, and as reflected in the information from the Settlement Administrator Analytics Consulting LLC, the Settlement Notice was timely distributed by email and/or first-class mail to all Class Members who could be identified with reasonable effort. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the Secretary of the Department of Labor of the United States.

9. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) and 23(e) and due



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, and the requirements of Rule 23 and due process have been met.

10. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

(a) The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

(b) The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

(c) The Settling Parties were well positioned to evaluate the value of the Action;

(d) If the Settlement had not been achieved, the Parties faced the expense, risk, and uncertainty of extended litigation;

(e) The total monetary value of the Settlement (approximately $42,724,532.00) and the award and approval of Attorneys' Fees and Costs, Settlement Administration Expenses, and Service Award, are fundamentally fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

(f) The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

(g) Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

(h) There were no objections to the settlement; and



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(i) The Settlement was reviewed by an Independent Fiduciary, Fiduciary Counselors, who has approved the Settlement on behalf of the Plan.

11. The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, on their own behalf and on behalf of the Plan, shall be (a) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims; and (b) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; whether or not such Class Member received a monetary benefit from the Settlement; whether or not such Class Member actually received the Settlement Notice, or read the Settlement Notice; whether or not such Class Member has filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, Settlement Administration Expenses, Service Award, or Plan of Allocation; and whether or not the objections or claims for distribution of such Class Members have been approved or allowed

12. The Class Representative, Class Members, and the Plan hereby release the Defendants, the Released Parties, Defense Counsel, the Plan, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Net Cash Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

13. The Class Representative, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representative, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

15. The Court finds that all applicable CAFA requirements have been satisfied.

16. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Cash Fund and Unallocated Plan Assets in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Cash Fund and Unallocated Plan Assets to be allocated to each Class Member pursuant to the Plan of Allocation approved by the Court.

17. With respect to any matters that arise concerning the implementation of distributions to Class Members (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Authorized Administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

18. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members from the Net Cash Fund and Unallocated Plan Assets as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a Settlement



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

payment from the Net Cash Fund and Unallocated Plan Assets and the amount of such payment or contribution.

19. Upon the entry of this Final Approval Order and the Settlement Effective Date under the Settlement Agreement, all Settling Parties, and the Settlement Class shall be bound by the Settlement Agreement and by this Final Approval Order.

20. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and the Class Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

21. **Final Approval Granted**: The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class. The Motion for Attorneys' Fees and Costs, Settlement Administration Expenses, and Service Award is hereby GRANTED.

22. **Judgment**: The Court hereby enters judgment on all claims, counts, and causes of action alleged in the Action. Notwithstanding the reservation of jurisdiction in Paragraph 2 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

**IT IS SO ORDERED.**

DATED this 21st day of October, 2026.

THE HONORABLE JAMAL N. WHITEHEAD

Presented by:

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Jennifer Rust Murray*
Beth E. Terrell, WSBA No. 26759
Email: bterrell@terrellmarshall.com



TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Jennifer Rust Murray, WSBA No. 36983
Email: jmurray@terrellmarshall.com
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Paul J. Sharman, *Admitted Pro Hac Vice*
Email: paul@sharman-law.com
THE SHARMAN LAW FIRM LLC
11175 Cicero Drive, Suite 100
Alpharetta, Georgia 30022
Telephone: (678) 242-5297
Facsimile: (678) 802-2129

Michael J. Geist, *Admitted Pro Hac Vice*
Email: mjg@geistlawgroup.com
GEIST LAW GROUP LLC
5 Fairfield Drive
Catonsville, Maryland 21228
Telephone: (443) 834-6850

*Attorneys for Plaintiffs*